# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DEJUAN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-CV-2290 |
| ) | |
| THE CITY OF DANVILLE, ILLINOIS, ) | |
| a municipal corporation; PHIL WILSON;) | |
| TRAVIS SPAIN; JOSHUA EDINGTON; ) | |
| JOSHUA CAMPBELL; SCOTT ) | |
| DAMILANO; BRIAN LANGE; PATRICK ) | |
| CARLEY; DAWN HARTSHORN; TROY ) | |
| HOGREN; DANIELLE LEWALLEN; and ) | |
| UNIDENTIFIED EMPLOYEES OF THE ) | |
| CITY OF DANVILLE, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 20) filed by Defendants Phil Wilson, Travis Spain, Joshua Edington, Joshua Campbell, Scott Damilano, Brian Lange, Patrick Carley, Dawn Hartshorn, Troy Hogren, Danielle Lewallen, and the City of Danville, Illinois. The Motion is GRANTED IN PART and DENIED IN PART.

Because Plaintiff Dejuan Alexander cannot bring a §1983 due process claim challenging his pretrial detention, Counts I and III are dismissed. The Motion to Dismiss is DENIED in all other respects.

## I. JURISDICTION

This Court has federal question jurisdiction[1] over Counts I through VI because those Counts allege violations of a federal statute. See 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Counts VII through X, which allege violations of state law arising from the same general set of facts. See 28 U.S.C. § 1367(a).

Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred within the judicial district of this Court. See 28 U.S.C. § 1391(b)(2) (a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

---

[1] Plaintiff also allege that the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 but only alleges the residence of Plaintiff and Defendants. See Compl. ¶ 6; Winforge, Inc. v. Coachmen Indust. Inc., 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile.").

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

## III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from the Complaint and are accepted as true at the motion to dismiss stage. Tamayo, 526 F.3d at 1081.

Plaintiff alleges he was wrongfully charged and prosecuted for the shooting death of Demaree Tetter and the aggravated battery of Sheldon Pittman. Defendants include the City of Danville (the City); Danville police officers Travis Spain, Joshua Edington, and Patrick Carley; Detectives Scott Damilano, Brian Lange, Troy Hogren, Dawn Hartshorn, Danielle Lewallen, and Phil Wilson; and Sergeant Joshua Campbell (the Defendant Officers). The Defendant Officers purportedly participated either directly or as co-conspirators in fabricating the murder charge and battery charge against Plaintiff and violating Plaintiff's due process rights.

On March 15, 2014, Plaintiff, an African-American citizen of the United States, performed at a concert at the Deuces Bar in Danville, Illinois. At some point, a fight broke out. Plaintiff left the bar and returned home to Indiana in his red Jeep.

Someone shot and killed Demaree Tetter and shot and injured Sheldon Pittman in the vicinity of the Deuces Bar that night. Based on information that the shooter left in a white Cadillac Escalade

(white SUV) with Indiana plates, Vermilion County deputies stopped a vehicle matching that description. Defendants Damilano, Lange, and Hogren questioned the occupants of the white SUV and, together with Defendants Hartshorn, Campbell, and Lewallen, obtained gunshot residue testing on a white male named Jacob Hall. Despite the fact that Hall matched the description of the shooter given by witnesses at the scene and despite the fact that a bullet casing was found in Hall's SUV, Defendant Officers released Hall. It was later determined that the gunshot residue test on Hall was positive, indicating he had fired a weapon.

In the early morning hours of March 17, 2014, having allegedly botched the investigation, the Defendant Officers agreed to pin the crime on someone else. Plaintiff became the Defendant Officers' target because he was easily identifiable based on his public profile and his gold teeth. In addition, as someone from out of town, the various witnesses the Defendant Officers planned to pressure would have no allegiance to Plaintiff.

Plaintiff alleges that the Defendant Officers assembled a suggestive photo array, coerced statements from witnesses, and fabricated false reports. Compl. ¶ 26-30, ¶35-38. In addition, the

Defendant Officers failed to preserve and disclose to prosecutors the cellphone video and photographs shown to witnesses related to the photo array. Compl. ¶¶ 31-32. Plaintiff also identifies another instance in 2013 when Defendants Hartshorn, Campbell, Damilano, Wilson, and Edington made promises to a witness in exchange for false testimony. Compl. ¶¶ 39-41.

Based on these tactics, which Plaintiff describes as highly suggestive and improper, the Defendant Officers procured an arrest warrant for Plaintiff on March 17, 2014 and had him arrested in Indiana on March 18, 2014. The Defendant Officers also took custody of Plaintiff's jeep, searched the Jeep, and conducted gunshot residue testing. No physical evidence implicated Plaintiff, and the gunshot residue testing on Plaintiff's Jeep was negative. Nonetheless, Plaintiff was extradited to Danville, where he remained detained in the Vermilion County Jail for almost four years awaiting trial. Plaintiff was eventually acquitted of all charges on March 3, 2018.

On November 2, 2018, Plaintiff filed his Complaint containing the following claims against the Defendant Officers: Count I, §1983 Due Process Violations; Count II, §1983 Deprivation of Liberty

Without Probable Cause; Count III, §1983 Unduly Suggestive Identification Procedures; Count IV, §1983 Failure to Intervene; Count VI, §1983 Conspiracy to Deprive Constitutional Rights; Count VII, Malicious Prosecution Under State Law; and Count VIII, State Law Intentional Infliction of Emotional Distress.  Plaintiff brings the following claims against the City:  Count VI, §1983 Municipal Policy Claim; Count IX, State Law Respondeat Superior; and Count X, 745 ILCS 10/9-102 Statutory Indemnification.

On January 11, 2019, Defendants filed their Motion to Dismiss seeking to dismiss the entire Complaint.

### IV. ANALYSIS

**A. Because Plaintiff Cannot Bring a §1983 Due Process Claim Challenging His Pretrial Detention, Counts I and III are Dismissed While Plaintiff's Fourth Amendment Claim in Count II Remains**

In Count I, Plaintiff alleges that the Defendant Officers violated his due process rights under the Fourteenth Amendment by fabricating evidence and withholding exculpatory evidence (Brady

claim[2]).  Plaintiff asserts that, by doing so, the Defendant Officers deprived Plaintiff of his liberty and his right to a fair trial.

In Count II, Plaintiff alleges the Defendant Officers deprived him of liberty without probable cause by manufacturing false evidence in violation of his rights secured by the Fourth and Fourteenth Amendment.  Plaintiff alleges the Defendant Officers initiated and continued judicial proceedings against Plaintiff maliciously, resulting in Plaintiff being detained for four years without probable cause.

In Count III, Plaintiff alleges that the Defendant Officers violated Plaintiff's right to due process and a fair trial guaranteed by the Fourteenth Amendment by withholding exculpatory evidence, fabricating evidence, and procuring supposed eyewitness identifications of Plaintiff by using unduly suggestive identification techniques.  Plaintiff alleges the misconduct resulted in the unjust and wrongful criminal prosecution of Plaintiff and deprivation of Plaintiff's liberty.

---

[2] <u>Brady v. Maryland</u>, 373 U.S. 83, 87-77 (1963) (a state violates due process by failing to disclose material exculpatory evidence to the defense in time for the defendant to make use of the evidence).

The Defendant Officers move to dismiss Counts I through III on various grounds. The Defendant Officers move to dismiss Count I on the ground that Plaintiff has not suffered a due process violation because he was never convicted. The Defendant Officers move to dismiss Count II on the ground that Plaintiff appears to be bringing a "hybrid" substantive due process claim forbidden by the Supreme Court in <u>Albright v. Oliver</u>, 510 U.S. 266, 268-70 (1994) and other cases by the Seventh Circuit. The Defendant Officers move to dismiss Count III on the ground that a §1983 claim for a deprivation of the due process right to a fair trial under the Fourteenth Amendment cannot be brought if the plaintiff is acquitted.

The Seventh Circuit's decision in <u>Lewis v. City of Chicago</u>, 914 F.3d 472 (7th Cir. 2019) resolves the issues pertaining to Counts I through III. Upon request by the Court, the parties submitted supplemental briefs addressing <u>Lewis</u>.

By way of background, in <u>Manuel v. City of Joliet</u>, 137 S. Ct. 911 (2017) (<u>Manuel I</u>), the Supreme Court abrogated the Seventh's Circuit precedent that foreclosed Fourth Amendment claims for unlawful pretrial detention after the initiation of formal legal

process. The Supreme Court held that "pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." Id. at 918. On remand to determine whether the plaintiff sued on time, the Seventh Circuit reiterated that, while there is no constitutional right not to be prosecuted without probable cause, there is a constitutional right not to be held in custody without probable cause. Manuel v. City of Joliet, 903 F.3d 667, 670 (7th Cir. 2018) (Manuel II), petition for cert. filed.

Thereafter, in Lewis v. City of Chicago, 914 F.3d 472 (7th Cir. 2019), the Seventh Circuit held that "all §1983 claims for wrongful pretrial detention—whether based on fabricated evidence or some other defect—sound in the Fourth Amendment." The Seventh Circuit stated:

> [T]he constitutional right in question is the "right not to be held in custody without probable cause," the violation of which gives rise to a "plain-vanilla Fourth Amendment" claim under § 1983 because the essential constitutional wrong is the "absence of probable cause that would justify the detention." Id. at 670(citing Manuel I, 137 S. Ct. at 917-20). In other words, the Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention,

> whether before or after the initiation of formal legal process.

Id. (also distinguishing a claim for wrongful conviction based on fabricated evidence from a claim for wrongful pretrial detention based on fabricated evidence, noting that convictions based on fabricated evidence always violate a defendant's right to due process); see also Melongo v. Podlasek, No. 13 C 4924, 2019 WL 1254913, at *17 (N.D. Ill. Mar. 19, 2019) (noting that "Lewis makes clear that, in cases not involving convictions, a pretrial detention claim sounds only in the Fourth Amendment").

Therefore, because Plaintiff was acquitted, his claim is not a claim for wrongful conviction but a claim for wrongful pretrial detention. In accordance with Lewis, a §1983 claim for wrongful pretrial detention sounds solely in the Fourth Amendment. Therefore, the Court grants the Officer Defendants' Motion to Dismiss Counts I and III, which are based on the Fourteenth Amendment and denies the Motion to Dismiss Count II to the extent Count II is based in part on the Fourth Amendment. The Court grants Plaintiff leave to amend or supplement Count II if he should choose to do so.

**B.  The Motion to Dismiss Counts IV through VI is Denied**

Counts IV through VI--failure to intervene, conspiracy, and municipal policy claims under § 1983--relate to the alleged underlying constitutional violations in Counts I through III.  Count IV and V are brought against the Defendant Officers, and Count VI is brought against the City of Danville.

Defendants argue that because there are no underlying constitutional violations, these claims should be dismissed.  The Motion to Dismiss Counts IV through VI is denied.  As stated above, Plaintiff has stated a § 1983 claim under the Fourth Amendment.  Therefore, because Plaintiff has alleged an underlying constitutional violation, Counts IV through VI state claims.

**C.  The Motion to Dismiss Count V is Denied**

The Defendant Officers also argue, in the alternative, that, if the Court determines that an underlying federal claim exists, Count V is untimely.

To establish conspiracy liability in a § 1983 claim, a plaintiff must show that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights."  Beaman v.

Freesmeyer, 776 F.3d 500, 510 (7th Cir. 2014). The statute of limitations on this claim is governed by Illinois' personal injury statute of limitations, which is two years. 735 ILCS 5/13-202; Wallace v. Kato, 549 U.S. 384, 387 (2007).

The running of the statute of limitations is an affirmative defense. Chi. Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014). "[C]omplaints do not have to anticipate affirmative defenses to survive motion to dismiss." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); Hollander v. Brown, 457 F.3d 688, 691 n.1 (2006) (stating that "a federal complaint does not fail to state a claim simply because it omits facts that would defeat statute of limitations defense"). Dismissal under Rule 12(b)(6) is appropriate, however, when the complaint contains sufficient facts to establish that the action is barred by the applicable statute of limitations. Andonissamy v. Hewlett–Packard Co., 547 F.3d 841, 847 (7th Cir. 2008).

A Fourth Amendment claim for wrongful pretrial detention accrues on the date the detention ends. Manuel II, 903 F.3d at 670. If Plaintiff's Fourth Amendment claim does not accrue until Plaintiff was released from detention, it is difficult to see how a

conspiracy claim based on the Fourth Amendment claim accrued before Plaintiff was released from detention. See, e.g., Rose v. Bartle, 871 F.2d 331, 352 (3d Cir. 1989) ("[I]f the plaintiffs' malicious prosecution claims did not accrue until favorable termination, it is difficult to see how a cause of action for conspiracy to prosecute maliciously could have accrued before that date."); Rosada v. Gonzalez, 832 F.3d 714, 718 (7th Cir. 2016) (finding §1983 conspiracy to commit false arrest claim was time barred where the § 1983 false-arrest claim was time barred); but see Brooks v. Ross, 578 F.3d 574 (7th Cir. 2009) (finding that §1983 conspiracy to deprive the plaintiff of due process accrued on date of the indictment and was barred by the statute of limitations). Because the Complaint does not contain sufficient facts to establish that the action is barred by the statute of limitations, the Motion to Dismiss Count V is denied.

## D. The Motion to Dismiss the State Law Claims is Denied

The Defendant Officers argue that Plaintiff has failed to state a claim for malicious prosecution under state law because he has not adequately alleged malice. Specifically, the Defendant Officers argue that Plaintiff must allege that the officers committed some

conspiracy claim based on the Fourth Amendment claim accrued before Plaintiff was released from detention. See, e.g., Rose v. Bartle, 871 F.2d 331, 352 (3d Cir. 1989) ("[I]f the plaintiffs' malicious prosecution claims did not accrue until favorable termination, it is difficult to see how a cause of action for conspiracy to prosecute maliciously could have accrued before that date."); Rosada v. Gonzalez, 832 F.3d 714, 718 (7th Cir. 2016) (finding §1983 conspiracy to commit false arrest claim was time barred where the § 1983 false-arrest claim was time barred); but see Brooks v. Ross, 578 F.3d 574 (7th Cir. 2009) (finding that §1983 conspiracy to deprive the plaintiff of due process accrued on date of the indictment and was barred by the statute of limitations). Because the Complaint does not contain sufficient facts to establish that the action is barred by the statute of limitations, the Motion to Dismiss Count V is denied.

## D. The Motion to Dismiss the State Law Claims is Denied

The Defendant Officers argue that Plaintiff has failed to state a claim for malicious prosecution under state law because he has not adequately alleged malice. Specifically, the Defendant Officers argue that Plaintiff must allege that the officers committed some

improper act after they arrested Plaintiff without probable cause to meet the element of malice, but he has failed to do so. Mem. at 9 (d/e 21).

    To state a claim for malicious prosecution under Illinois law, a plaintiff must allege (1) that a defendant commenced or continued an original criminal or civil judicial proceeding, (2) which terminated in favor of the plaintiff, (3) that no probable cause existed for such proceeding; (4) the presence of malice, and (5) damages. Swick v. Liautaud, 169 Ill. 2d 504, 512 (1996). In addition, to maintain a malicious prosecution claim against arresting officers, a plaintiff must do more than allege that the officers arrested and detained him without probable cause. The plaintiff must "allege that the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 901 (7th Cir. 2001) (involving §1983 malicious prosecution claim); McDade v. Stacker,

106 F. App'x 471, 475 (7th Cir. 2004 (applying <u>Snodderly</u> analysis to an Illinois malicious prosecution claim).

Plaintiff alleges that the Defendant Officers "made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings." Compl. ¶ 99. While this allegation is merely a legal conclusion, Plaintiff also alleges facts from which it can be inferred that the Defendant Officers acted with malice by attempting to influence the institution and continuation of judicial proceedings. Plaintiff alleges that the officers ignored a possible suspect, knew no one had implicated Plaintiff in any crime, prepared suggestive photo arrays, coerced witnesses to implicate Plaintiff, failed to disclose evidence of a cell phone video and photographs to prosecutors, and fabricated reports. <u>See</u>, <u>e.g.</u>, <u>Jimenez v. City of Chicago</u>, 830 F. Supp. 2d 432, 451 (N.D. Ill. 2011) (finding genuine issue of material fact regarding malice where the officers failed to investigate other suspects, pressured witnesses to change their stories and implicate the plaintiff and sought to influence another witness to identify the plaintiff). A reasonable inference can be drawn that this conduct occurred over a period of

time—not only prior to arrest.  Therefore, the Court will not dismiss the state law malicious prosecution claim.

The Defendant Officers next argue that Plaintiff fails to state a claim for the intentional infliction of emotional distress.  To state a claim for the intentional infliction of emotional distress, a plaintiff must allege that (1) the conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress.  Schweihs v. Chase Home Fin., LLC, 2016 IL 120041, ¶ 50 (2016).  The Defendant Officers argue that, without a claim for malicious prosecution, no "extreme and outrageous behavior" supports the intentional infliction of emotional distress claim.  However, Plaintiff has alleged extreme and outrageous conduct—the same conduct that supports the malicious prosecution claim.  Therefore, the Court will not dismiss the intentional infliction of emotional distress claim.

The City next argues that the Court should dismiss the respondeat superior (Count IX) and indemnification claims (Count X) because Plaintiff has failed to sufficiently allege the malicious

prosecution and intentional infliction of emotional distress claims. Because Plaintiff has stated malicious prosecution and intentional infliction of emotional distress claims, the Motion to Dismiss Counts IX and X is denied.

## V. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (d/e 20) is GRANTED IN PART and DENIED IN PART. Counts I and III are dismissed with prejudice. Count II, the Fourth Amendment claim, remains, but Plaintiff is granted leave to replead or supplement his Fourth Amendment claim should he choose to do so. The Motion to Dismiss is DENIED in all other respects. If Plaintiff chooses to amend, the Amended Complaint shall be filed on or before April 10, 2019. Defendants shall file an answer to the Complaint or Amended Complaint on or before April 24, 2019.

**ENTERED: March 27, 2019**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**